IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GEORGE HINOJOSA; NIDIA JACOME ANRIASSI; ELVIRA MARTINEZ; HECTOR GUERRA; EFRAIN LOPEZ; JESUS GARCIA; ADRIANA PARDO; ALEJANDRO BARRERA; ZAUL ZAMORA & MARICRUZ ZAMORA; HECTOR LEAL; VICTOR BOUCHOT; JERRY DELGADO & NORMA DELGADO; SYLVESTER GONZALEZ & ISABEL GONZALEZ; GLEN ANDREW JONES; VICTOR PATINO; FRANCISCA LOPEZ & RODRIGO LOPEZ<br><br>    *Plaintiffs,*<br><br>v.<br><br>UNITED PROPERTY AND CASUALTY INSURANCE COMPANY<br><br>    *Defendant.* | § § § § § § § § § § § § § § § § § § § § § § § § | CASE NO. 1:23-cv-1 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, in a cause styled *George Hinojosa, Nidia Jacome Anriassi, Elvira Martinez, Hector Guerra, Efrain Lopez, Jesus Garcia, Adriana Pardo, Alejandro Barrera, Zaul Zamora & Maricruz Zamora, Hector Leal, Victor Bouchot, Jerry Delgado & Norma Delgado, Sylvester Gonzalez & Isabel Gonzalez, Glen Andrew Jones, Victor Patino, Francisca Lopez & Rodrigo Lopez v. United Property and Casualty Insurance Company*, originally pending as Cause No. 2022-CCL-00922 in the County Court at Law 4 of Cameron County, Texas, hereby respectfully files this Notice of Removal of that cause to the United States District Court for the Southern District of Texas,

Brownsville Division, while fully reserving all rights and defenses, and as grounds therefore would respectfully show the Court as follows:

## NATURE OF THE PENDING STATE CASE

1. On or about December 7, 2022, George Hinojosa, Nidia Jacome Anriassi, Elvira Martinez, Hector Guerra, Efrain Lopez, Jesus Garcia, Adriana Pardo, Alejandro Barrera, Zaul Zamora & Maricruz Zamora, Hector Leal, Victor Bouchot, Jerry Delgado & Norma Delgado, Sylvester Gonzalez & Isabel Gonzalez, Glen Andrew Jones, Victor Patino, Francisca Lopez & Rodrigo Lopez ("Plaintiffs") filed a civil action styled *George Hinojosa, et al. v United Property and Casualty Insurance Company*, under Cause No. 2022-CCL-00922 County Court at Law 4 of Cameron County, Texas.

2. This case is an insurance dispute wherein Plaintiffs allege in their Original Petition that their properties listed below, each insured under a separate insurance policy issued by Defendant, sustained damage during separate storm events. Plaintiffs further allege causes of action for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, and fraud. The dates of loss, policy numbers, claim numbers, and insured property addresses are as follows:

| GEORGE HINOJOSA | **Date of Loss:** 3/21/2022<br>**Policy Number:** UTW 4565421 02<br>**Claim Number:** 22TX00159113 | 75 Sunburst Ln., Brownsville, TX 78520 |
|---|---|---|
| NIDIA JACOME ANRIASSI | **Date of Loss:** 5/24/2022<br>**Policy Number:** UTH 0415030 04<br>**Claim Number:** 22TXOO 198531 | 854 Jenny Cir., Brownsville, TX 78521 |
| ELVIRA MARTINEZ | **Date of Loss:** 3/21/2022<br>**Policy Number:** 431002726022 04<br>**Claim Number:** 22TX00165184 | 8740 Firewheel Ln., Brownsville, TX 78520 |
| HECTOR GUERRA | **Date of Loss:** 2/16/2022<br>**Policy Number:** UTH 0433039 02<br>**Claim Number:** 22TXOOI56242 | 7416 Highland Pine St., Brownsville, TX 78526 |
| EFRAIN LOPEZ | **Date of Loss:** 7/9/2021<br>**Policy Number:** 43 1003296504 06<br>**Claim Number:** 21TX00116671 | 5742 Greenwood Dr., Brownsville, TX 78526 |
| JESUS GARCIA | **Date of Loss:** 3/21/2022<br>**Policy Number:** 431002138491 04<br>**Claim Number:** 22TXOO159053 | 2825 Riviera St., Brownsville, TX 78520 |

2

| **ADRIANA PARDO** & **ALEJANDRO BARRERA** | **Date of Loss:** 3/20/2022<br>**Policy Number:** 431004163646 06<br>**Claim Number:** 22TX00165080 | 727 Florence Ln., Brownsville, TX 78520 |
|---|---|---|
| **ZAUL ZAMORA** & **MARICRUZ ZAMORA** | **Date of Loss:** 10/1/2021<br>**Policy Number:** UTH 0421510 03<br>**Claim Number:** 22TXOO165577 | 315 Stillwell Bend Rd., Brownsville, TX 78520 |
| **HECTOR LEAL** | **Date of Loss:** 3/21/2022<br>**Policy Number:** 43 1000566776 05<br>**Claim Number:** 22TXOO170835 | 4008 Venezuela St., Brownsville, TX 78526 |
| **VICTOR BOUCHOT** | **Date of Loss:** 3/21/2022<br>**Policy Number:** 43 1002382768 04<br>**Claim Number:** 22TX00171348 | 8744 Firewheel Ln., Brownsville, TX 78520 |
| **JERRY DELGADO** & **NORMA DELGADO** | **Date of Loss:** 3/21/2022<br>**Policy Number:** 43 1014958746 01<br>**Claim Number:** 22TX00166328 | 4791 Larkspur Dr., Brownsville, TX 78526 |
| **SYLVESTER GONZALEZ & ISABEL GONZALEZ** | **Date of Loss:** 4/22/2022<br>**Policy Number**: UTH 0423158 03<br>**Claim Number**: 22TX00168616 | 2511 Garrett Rd., Harlingen, TX 78552 |
| **GLEN ANDREW JONES** | **Date of Loss:** 3/20/2022<br>**Policy Number:** 43 1002856191 00<br>**Claim Number:** 22TX00166014 | 26985 Paloma Ln., Harlingen, TX 78552 |
| **VICTOR PATINO** | **Date of Loss:** 2/12/2022<br>**Policy Number:** 43 1001499878 05<br>**Claim Number:** 22TX00162708 | 3125 Hapner St W., Harlingen, TX 78550 |
| **FRANCISCA LOPEZ** & **RODRIGO LOPEZ** | **Date of Loss:** 5/25/2022<br>**Policy Number**: UTD 7550847 05<br>**Claim Number** 22TX00171847 | 29927 State Hwy 100, San Benito, TX 78586 |

3.  Defendant has attached the documents required to be filed with this Notice of Removal in compliance with Local Rule 81.[1]

## JURISDICTION

4.  Pursuant to 28 U.S.C. §1441(a), Defendant removes this action to the District Court of the United States for the Southern District of Texas, Brownsville Division, because it is the District and Division embracing the place where such action is pending. Additionally, this Court has diversity jurisdiction, as shown below, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.  Diversity of the Parties**

---

[1] Plaintiffs' Original Petition, attached hereto as Exhibit A; Proof of Service, attached hereto as Exhibit B; An Index of Matters Being Filed, attached hereto as Exhibit C; Copy of State Court Docket Sheet, attached hereto as Exhibit D; List of All Counsel of Record, attached hereto as Exhibit E; Civil Cover Sheet, attached hereto as Exhibit F; and Plaintiffs' various repair estimates, attached hereto as Exhibits G – U.

5.      Plaintiffs' Original Petition states that each plaintiff is a resident of Cameron County, Texas.[2] Defendant is a foreign entity organized in Florida. Its principal place of business is at 800 2nd Avenue South, St. Petersburg, Florida 33701. Therefore, no defendant is a resident of the same state as any plaintiff and there is complete diversity.[3]

     **B.**    **Amount in Controversy**

6.      To show that all the requisites for federal jurisdiction are met, a removing party must demonstrate that the amount in controversy exceeds $75,000.[4] The amount in controversy is ordinarily established on the face of the complaint and the dollar-amount actually claimed.[5] Here, Plaintiffs' Complaint only states that each plaintiff individually seeks monetary relief of $250,000 or less, and that collectively, Plaintiffs seek over $1,000,000.00.[6] As a result, it is not immediately apparent that each plaintiff's individual claim exceeds the jurisdictional threshold and so Defendant offers "summary judgment-type-evidence [that is] relevant to the amount in controversy"[7] to illuminate this issue.

          *a)*    *Plaintiffs' individual claims each exceed $75,000*

7.      Each group of plaintiffs has submitted a nearly identical demand letter to Defendant on a different date, the only obvious difference being the amount demanded and the repair estimate attached to the letter supporting the amount in economic damages they were each claiming. Defendant has attached each of these estimates here as Exhibits G through U for the purpose of establishing jurisdiction. If Plaintiffs had only sued to recover the amount of each of these

---

[2] Exhibit A, at para. 2.1.
[3] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).
[4] *See* 28 U.S.C. § 1332(a); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[5] *See Garcia*, 351 F.3d at 638 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[6] Exhibit A, at para. 1.2.
[7] *Allen*, 63 F.3d at 1336.

estimates, perhaps this court would lack jurisdiction. However, in their Original Petition, each plaintiff seeks actual damages,[8] statutory damages of 10% interest,[9] treble damages under the Texas Insurance Code,[10] mental anguish damages,[11] exemplary damages under the Texas Civil Practice and Remedies Code,[12] and attorneys' fees.[13]

8. Simply adding together the possible awards for each of these types of damages results in each individual claim exceeding the $75,000 threshold. See below:

| Ex. | Plaintiff(s) | Estimate Total | Treble Damages | Statutory Interest[14] | Attorney's Fees[15] | Total Damages |
|---|---|---|---|---|---|---|
| G | George Hinojosa | $42,679.66 | $128,038.98 | $4,267.97 | $52,495.98 | **$227,482.59** |
| H | Nidia Jacome Anriassi | $41,661.70 | $124,985.10 | $4,166.17 | $51,243.89 | **$222,056.86** |
| I | Elvira Martinez | $22,599.93 | $67,799.79 | $2,259.99 | $27,797.91 | **$120,457.63** |
| J | Hector Guerra | $25,844.93 | $77,534.79 | $2,584.49 | $31,789.26 | **$137,753.48** |
| K | Efrain Lopez | $36,983.93 | $110,951.79 | $3,698.39 | $45,490.23 | **$197,124.35** |
| L | Jesus Garcia | $28,327.16 | $84,981.48 | $2,832.72 | $34,842.41 | **$150,983.76** |
| M | Adriana Pardo and Alejandro Barrera | $28,568.44 | $85,705.32 | $2,856.84 | $35,139.18 | **$152,269.79** |
| N | Zaul Zamora and Maricruz Zamora | $56,643.26 | $169,929.78 | $5,664.33 | $69,671.21 | **$301,908.58** |
| O | Hector Leal | $18,575.49 | $55,726.47 | $1,857.55 | $22,847.85 | **$99,007.36** |
| P | Victor Bouchot | $15,275.30 | $45,825.90 | $1,527.53 | $18,788.62 | **$81,417.35** |

---

[8] Exhibit A, at paras. 12.3-12.4.
[9] Exhibit A, at para. 12.5; s*ee also St. Paul Reinsurance*, 134 F.3d at 1255 (discussing 18% per annum interest formerly available under Texas Insurance Code and holding that "[d]espite being described in terms of a per annum percentage for purposes of calculation, the statutory exaction here is not 'interest' within the contemplation of § 1332; it clearly is an element of damages.").
[10] *See* TEX. INS. CODE § 541.152(b); *see also* Exhibit A, at para. 12.4.
[11] Exhibit A, at paras. 12.4 & 12.6.
[12] *See* TEX. CIV. PRAC. & REM. CODE §§ 41.001, *et seq.*; *see also* Exhibit A, at paras. 12.6-12.7.
[13] *See* Exhibit A, at para. 12.8.
[14] This figure was calculated by assuming, without admitting, there is a delay in payment of at least 12 months.
[15] This figure was calculated by assuming, without admitting, Plaintiffs recover at least 30% of the total damages sought.

5

| | | | | | |
|---|---|---|---|---|---|
| Q | Jerry Delgado and Norma Delgado | $32,286.12 | $96,858.36 | $3,228.61 | $39,711.93 | **$172,085.02** |
| R | Sylvester Gonzalez and Isabel Gonzalez | $67,765.35 | $203,296.05 | $6,776.54 | $83,351.38 | **$361,189.32** |
| S | Glen Andrew Jones | $67,979.69 | $203,939.07 | $6,797.97 | $83,615.02 | **$362,331.75** |
| T | Victor Patino | $37,161.58 | $111,484.74 | $3,716.16 | $45,708.74 | **$198,071.22** |
| U | Francisca Lopez and Rodrigo Lopez | $27,935.06 | $83,805.18 | $2,793.51 | $34,360.12 | **$148,893.87** |

9. The Fifth Circuit recognizes that "specific damage estimates that are less than the minimum jurisdictional amount, when combined with other unspecified damage claims, can provide sufficient notice that an action is removable . . . ."[16] The Fifth Circuit has likewise held that when, as here, state law makes available extra-contractual damages in the form of "penalties, statutory damages, and punitive damages," those are "items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law."[17]

10. Based on the calculations of each individual plaintiff's estimate of damages, request for penalty interest, treble damages, and attorney's fees, each of these claims exceeds $75,000. This does not even consider each plaintiff's additional claims for exemplary damages and mental anguish damages, which will only drive the amount in controversy higher. Not surprisingly, the Fifth Circuit and courts in this District have agreed, holding that similar "lengthy list[s] of compensatory and punitive damages . . . when combined with attorney's fees, would exceed $75,000."[18]

---

[16] *Bosky v. Kroger Tex., Ltd. P'ship*, 288 F.3d 208, 210 (5th Cir. 2002).
[17] *St. Paul Reinsurance*, 134 F.3d at 1253; *Manguno*, 276 F.3d at 723; *see also Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997) (discussing availability of extra-contractual damages).
[18] *White*, 319 F.3d at 675–76; *see also Salinas v. Allstate Tex. Lloyds*, No. 7:16-CV-239, 2016 U.S. Dist. LEXIS 191648, at *6 (S.D. Tex. 2016); *Rodriguez v. Allstate Tex. Lloyds*, No. 7:14-CV-963, 2015 U.S. Dist. LEXIS 190910, at *8 (S.D. Tex. 2015).

6

11. As a result, because the foregoing summary judgment-type evidence demonstrates by a preponderance of the evidence that the amount in controversy for each individual plaintiff in this matter exceeds $75,000.00, exclusive of interests and costs, and because there is diversity of citizenship between Defendant and Plaintiffs, removal is proper under 28 U.S.C. § 1332(a).

### b) Plaintiffs Cannot Meet Their Burden to Show that the Amount in Controversy is Less Than $75,000.

12. "In order for a federal court to decline jurisdiction, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount."[19] The burden to prove this "legal certainty" shifts to the plaintiff once a defendant shows that the amount in controversy actually exceeds the jurisdictional amount.[20] Then, "the plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which they have prayed in the state court complaint."[21]

13. Here, Plaintiffs cannot provide evidence that they are not actually seeking (and cannot recover) damages below $75,000. Plaintiffs seeking to avoid federal jurisdiction typically file a stipulation or affidavit with their petition, affirming that they will not seek damages in excess of $75,000 and will not accept an award above this amount.[22] While the effect or methodology in making these statements binding upon the parties is debatable,[23] Plaintiffs did not even attempt to present such a stipulation or affidavit in this case. Indeed, the very estimates they submitted in support of their insurance claims is the best evidence of Plaintiffs' valuation of their present suit for purposes of determining diversity jurisdiction.

---

[19] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).
[20] *Id.* at 1411.
[21] *Id.*
[22] *Ditcharo v. UPS*, 376 F. App'x 432, 437 (5th Cir. 2010) ("Plaintiffs may attempt to establish such 'legal certainty' by submitting a 'binding stipulation or affidavit' with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold.").
[23] *See e.g.*, *Leon v. Great Lakes Reinsurance (UK)*, 2017 U.S. Dist. LEXIS 220707, at *6 (S.D. Tex. 2017) ("[A] stipulation is a binding contract between the parties. Plaintiff cannot unilaterally create such a stipulation.").

7

14. Additionally, should Plaintiffs attempt to amend their petition after this case is removed to include such a stipulation, this amendment may not be considered. According to the Fifth Circuit, "litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, [however] . . . later filings [are] irrelevant."[24] As a result, Plaintiffs have not met their burden to subvert this Court's jurisdiction, and cannot, by amendment, successfully keep this case in state court.

## TIMING OF REMOVAL

15. Plaintiffs served Defendant with this lawsuit on December 9, 2022 by serving its Registered Agent, CT Corporation System.[25] Therefore, this Notice of Removal is being filed within 30 days of service of the petition pursuant to 28 U.S.C. § 1446(b), and is filed less than one year after commencement of the action, pursuant to 28 U.S.C. § 1446(c). This Notice is therefore timely filed.

## ANSWER

16. Defendant will timely file an Answer to Plaintiffs' lawsuit in this Honorable Court.

## NOTICE TO ADVERSE PARTIES AND STATE COURT

17. As the removing party, Defendant will give Plaintiffs prompt written notice of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

18. Defendant will also file a copy of this Notice of Removal with the County Court at Law 4 of Cameron County, Texas, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d).

## JURY DEMAND

19. Defendant hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules

---

[24] *De Aguilar*, 47 F.3d, at 1412.
[25] *See* Exhibit B.

of Civil Procedure.

## CONCLUSION AND PRAYER

20. In light of the foregoing, Defendant respectfully removes this civil action styled *George Hinojosa, et al. v. United Property and Casualty Insurance Company*, under Cause No. 2022-CCL-00922 County Court at Law 4 of Cameron County, Texas.

21. Defendant prays for such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted by,

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

*/s/ William D. Abbott*
Les Pickett
"Attorney-in-Charge"
Federal I.D. No. 14306
State Bar No. 15980520
lpickett@gallowaylawfirm.com
William D. Abbott
State Bar No. 24087069
Federal I.D. No. 2789456
wabbott@gallowaylawfirm.com
1301 McKinney Suite 1400
Houston, Texas 77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via electronic service in accordance with the Federal Rules of Civil Procedure to all known counsel of record on January 3, 2023.

*/s/ William D. Abbott*
Les Pickett
William D. Abbott