IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GEORGE HINOJOSA; NIDIA JACOME ANRIASSI; ELVIRA MARTINEZ; HECTOR GUERRA; EFRAIN LOPEZ; JESUS GARCIA; ADRIANA PARDO; ALEJANDRO BARRERA; ZAUL ZAMORA & MARICRUZ ZAMORA; HECTOR LEAL; VICTOR BOUCHOT; JERRY DELGADO & NORMA DELGADO; SYLVESTER GONZALEZ & ISABEL GONZALEZ; GLEN ANDREW JONES; VICTOR PATINO; FRANCISCA LOPEZ & RODRIGO LOPEZ | § § § § § § § § § § § § § § § | |
| *Plaintiffs,* | § § | CASE NO. 1:23-cv-1 |
| v. | § § | |
| UNITED PROPERTY AND CASUALTY INSURANCE COMPANY | § § § § | |
| *Defendant.* | § | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE RECOVERY OF ATTORNEY'S FEES**

Defendant, UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, hereinafter referred to as "UPC," files this Brief in Support of its Motion to Preclude Recovery of Attorney's Fees for Plaintiffs Nidia Jacome Anriassi, Hector Guerra, Zaul Zamora, Maricruz Zamora, Hector Leal, Victor Bouchot, Rosalinda Bouchot, Francisca Lopez, and Rodriguez Lopez as follows:

**INTRODUCTION**

1. Section 542A.007(d) of the Texas Insurance Code states that a court may not award Plaintiffs any attorney's fees incurred after a defendant pleads and proves that Plaintiffs

failed to give the defendant pre-suit notice at least 61 days before filing suit stating the specific amount the defendant allegedly owes Plaintiffs under Texas Insurance Code Section 542A.003(b)(2). Here, Plaintiffs Nidia Jacome Anriassi, Hector Guerra, Zaul Zamora, Maricruz Zamora, Hector Leal, Victor Bouchot, Rosalinda Bouchot, Francisca Lopez, and Rodriguez Lopez provided the requisite notice less than 61 days before filing suit, and some even sent the presuit notice after filing this lawsuit. As a result, UPC requests this Court issue an order precluding Plaintiffs Nidia Jacome Anriassi, Hector Guerra, Zaul Zamora, Maricruz Zamora, Hector Leal, Victor Bouchot, Rosalinda Bouchot, Francisca Lopez, and Rodriguez Lopez from recovering any attorney's fees in this case from the date UPC filed this motion.

## BACKGROUND

2.  UPC addresses each separate plaintiff's failure to comply with Chapter 542A below.

### I. Nidia Jacome Anriassi

3.  Plaintiff Nidia Jacome Anriassi reported an insurance claim to UPC on or about October 20, 2022, alleging her property sustained storm damage on May 24, 2022. UPC investigated the claim and found that the cost of covered repairs did not exceed the deductible. Anriassi engaged counsel and who sent a presuit notice letter on December 2, 2022.[1] Five days later, on December 7, 2022, Anriassi filed this lawsuit.[2]

### II. Hector Guerra

4.  Plaintiff Hector Guerra reported an insurance claim to UPC on or about February 17, 2022, alleging his property sustained storm damage on February 16, 2022. After investigating this claim, UPC found the cost of covered repairs did not exceed the policy

---

[1] *See* correspondence from Anriassi's attorney dated December 2, 2022, attached here as Exhibit A.
[2] *See* Plaintiff's Original Petition.

2

deductible and notified Guerra on February 21, 2022. Guerra's counsel sent UPC a presuit notice letter on December 9, 2022,[3] two days *after* this lawsuit was filed on December 7, 2022.

### III. Zaul Zamora and Maricruz Zamora

5.  Plaintiffs Zaul Zamora and Maricruz Zamora reported an insurance claim to UPC on or about May 31, 2022, alleging their property sustained storm damage on October 1, 2021. UPC investigated the claim and found that the cost of covered repairs did not exceed the deductible. The Zamoras engaged counsel who sent a presuit notice letter on October 11, 2022.[4] Less than 60 days later, the Zamoras filed this lawsuit on December 7, 2022. Subsequently, on December 9, 2022, they amended their presuit notice letter and sent a revised version.[5]

### IV. Hector Leal

6.  Plaintiff Hector Leal reported an insurance claim to UPC on or about August 17, 2022, alleging his property sustained storm damage on March 21, 2022. UPC investigated the claim and issued a $874.17 payment. Leal then engaged counsel and who sent a presuit notice letter on December 9, 2022, two days after filing this lawsuit.[6]

### V. Victor Bouchot and Rosalinda Bouchot

7.  Plaintiffs Victor Bouchot and Rosalinda Bouchot reported their insurance claim to UPC on or about August 25, 2022, alleging their property sustained storm damage on March 21, 2022. UPC investigated the claim and found the cost of covered repairs did not exceed the deductible. The Bouchots engaged counsel who sent a presuit notice letter on November 11, 2022.[7] Less than 60 days later, they filed this lawsuit on December 7, 2022.

### VI. Francisca Lopez and Rodrigo Lopez

---

[3] *See* correspondence from Guerra's attorney dated December 9, 2022, attached here as Exhibit B.
[4] *See* correspondence from Zamoras' attorney dated October 11, 2022, attached here as Exhibit C.
[5] *See* correspondence from Zamoras' attorney dated December 9, 2022, attached here as Exhibit D.
[6] *See* correspondence from Leal's attorney dated December 9, 2022, attached here as Exhibit E.
[7] *See* correspondence from Bouchots' attorney dated November 18, 2022, attached here as Exhibit F.

8. Plaintiffs Francisca Lopez and Rodrigo Lopez submitted their insurance claim to UPC on September 2, 2022, claiming storm damage occurred on May 25, 2022. UPC investigated and denied the claim on September 13, 2022. The Lopezes' counsel sent presuit notice letter on October 17, 2022,[8] and 51 days later, they filed this lawsuit.

## ARGUMENT AND AUTHORITIES

9. This is a first-party insurance lawsuit in which separate unrelated Plaintiffs allege UPC underpaid their respective insurance claims.[9] Plaintiffs have brought causes of action against UPC for breach of contract,[10] violations of Chapters 541 and 542 of the Texas Insurance Code,[11] breach of the duty of good faith and fair dealing,[12] fraud,[13] and conspiracy to commit fraud.[14]

10. Based upon Plaintiffs' allegations and causes of action, Chapter 542A of the Texas Insurance Code applies to this case;[15] therefore, Plaintiffs were required to provide UPC with pre-suit notice of their claims at least 61 days before filing suit.[16] However, Guerra and Leal submitted their separate presuit notice letters *after* this lawsuit was filed.[17] In addition, the following plaintiffs sent their presuit notices before 61 days had elapsed:

| Plaintiff | Date Sent | Days Elapsed |
|---|---|---|
| Anriassi | December 2, 2022[18] | 5 |
| Zamora | October 11, 2022[19] | 57 |
| Bouchot | November 18, 2022[20] | 19 |

---

[8] *See* correspondence from Lopezes' attorney dated October 17, 2022, attached here as Exhibit G.
[9] Plaintiff's Original Petition, paras. 5.3-5.4.
[10] *Id.*, at paras. 9.1-9.5.
[11] *Id.*, at paras. 6.1-6.9.
[12] *Id.*, at paras. 9.1-9.5.
[13] *Id.*, at paras. 7.1-7.6.
[14] *Id.*, at paras. 8.1-8.2.
[15] *See* TEX. INS. CODE § 542A.002.
[16] *See id.*, at § 542A.003(a)-(b); TEX. BUS. COM. CODE § 17.505(a).
[17] *See* Ex. B & E.
[18] Ex. A.
[19] Ex. C.

4

| Lopez | October 17, 2022[21] | 51 |

11. Although Texas law provides an exception to the statutory pre-suit notice requirements, "the claimant [must have] a reasonable basis for believing there is insufficient time to give the pre-suit notice before the limitations period will expire."[22] Here, the Plaintiffs at issue lack a reasonable basis because (with the exception of Bouchot) UPC rendered claims decisions in each claim in 2022.[23] UPC was still investigating the Bouchots' claim when they filed this lawsuit, meaning a decision letter has yet to be issued.[24] Therefore, Plaintiffs' causes of action all accrued in 2022 at the earliest.[25] That is, the specific Plaintiffs were under no time crunch to file their suit in December 2022 to avoid any two year statute of limitations period and, thus, the exception is not applicable in this case.

12. Plaintiffs have brought several causes of action with two and four year limitations periods. Those with two-year periods are breach of contract,[26] violations of Chapter 541 of the Texas Insurance Code,[27] and breach of the duty of good faith and fair dealing.[28] Since these causes of action accrued in 2022 (the dates Plaintiffs contend that UPC wrongfully denied their respective insurance claims), the limitations periods will expire, at the earliest, in 2024. The

---

[20] Ex. F.
[21] Ex. G.
[22] TEX. INS. CODE § 542A.003(d)(1); *see also* TEX. BUS. COM. CODE §17.505(b) ("if giving 60 days' written notice is rendered impracticable by reason of the necessity of filing suit in order to prevent the expiration of the statute of limitations").
[23] *See* various correspondences from UPC to plaintiffs explaining claims decisions, attached here as Exhibit H.
[24] *See* correspondence from UPC dated August 25, 2022 showing this claim was reported on August 25, 2022 and was still under investigation, attached here as Exhibit I.
[25] *See De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 408 (5th Cir. 2016) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) ("In Texas, a cause of action for breach of a first-party insurance contract accrues when the insurer denies the claim.").
[26] While the statute of limitations for breach of contract is ordinarily four years, Section 16.069 of the Texas Civil Practice and Remedies Code provides that a contract may shorten this period to a period no less than two years. Here, the policy states in relevant part: "Action must be brought against us within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action."
[27] TEX. INS. CODE § 541.162 ("A person must bring an action under this chapter before the second anniversary of the following: (1) the date the unfair method of competition or unfair or deceptive act or practice occurred.").
[28] *Hudspeth v. Enter. Life Ins. Co.*, 358 S.W.3d 373, 387, 2011 (Tex. App.—Houston [1st Dist.] 2011) ("breach of good faith and fair dealing claims are also governed by a two-year limitations period.").

evidence shows that Plaintiffs provided notice to UPC of their intention to file this lawsuit as indicated above—all of which were over 12 months before the limitations period would expire.[29] As a result, the relevant Plaintiffs did not have a reasonable basis for believing the statute of limitations would expire before they could provide pre-suit notice at least 61 days before filing suit.

13. In 2019, the United States District Court for the Southern District of Texas, Laredo Division, considered whether a plaintiff had a reasonable basis in filing suit before providing pre-suit notice when the subject claim was denied on July 5, 2016, the plaintiff engaged a public adjuster on November 9, 2017, and later engaged an attorney on May 3, 2018.[30] The plaintiff then filed suit on June 11, 2018 without providing pre-suit notice at least 61 days earlier, alleging the limitations period would soon expire.[31] Since the plaintiff only argued providing the notice was impracticable because it hired an attorney 63 days before the two-year limitations period was set to expire, the court concluded this was not a reasonable basis as there was no explanation for the delay and the plaintiff had previously engaged a public adjuster who could have provided the notice.[32] The magistrate judge then recommended the court "not award Plaintiff attorneys' fees incurred after August 2, 2018," which is the date the insurer filed its motion requesting relief.[33] The District Court adopted the report and recommendations and granted the insurer's motion.[34]

14. Similarly, the United States District Court for the Northern District of Texas, Dallas Division, ordered the plaintiff was precluded from recovering attorney's fees because the

---

[29] Exhibit B.
[30] *J.P. Columbus Warehousing, Inc. v. United Fire & Cas. Co.*, No. 5:18-cv-00100, 2019 U.S. Dist. LEXIS 18382, at *9-15 (S.D. Tex. 2019).
[31] *Id.*, at 9.
[32] *Id.*, at 9-15
[33] *Id.*, at 16
[34] *J.P. Columbus Warehousing, Inc. v. United Fire & Cas. Co.*, No. 5:18-CV-100, 2019 U.S. Dist. LEXIS 18358, at *1 (S.D. Tex. 2019).

plaintiff failed to provide any reason for the delay in providing pre-suit notice, despite claiming it was impracticable to do so.[35] There, the insurer denied the claim on December 19, 2017 and Plaintiff filed suit on December 10, 2019. The court ruled that, while few courts have considered the application of Section 542A.007(d), deeming pre-suit notice to be impracticable "ought to be reserved for those instances in which pre-suit notice genuinely cannot be provided; a plaintiff should not be allowed to skirt the important requirements of the Texas Insurance Code by engaging in dilatory tactics."[36] The court then held that the plaintiff failed to provide any explanation for the two-year delay in filing suit and issued an order precluding that plaintiff from recovery attorney's fees.[37]

15. Here, as in *J.P. Columbus* and *Tadeo*, Plaintiffs can offer no proof as to how pre-suit notice was impracticable. As a result, according to Section 542A.006 of the Texas Insurance Code, if plaintiffs fail to provide UPC with notice of their claims, specifically, the amount allegedly owed to plaintiffs, at least 61 days before filing their lawsuit, then "the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court."[38] UPC has timely filed this motion within 30 days of filing its answer. Due to the failure of Nidia Jacome Anriassi, Hector Guerra, Zaul Zamora, Maricruz Zamora, Hector Leal, Victor Bouchot, Rosalinda Bouchot, Francisca Lopez, and Rodriguez Lopez to comply with Texas law, this court should enter an order precluding these Plaintiffs from recovering any attorney's fees as of the date of UPC filing this motion.

## PRAYER

Defendant UNITED PROPERTY AND CASUALTY INSURANCE COMPANY prays

---

[35] *Tadeo v. Great N. Ins. Co.*, No. 3:20-CV-00147-G, 2020 U.S. Dist. LEXIS 132214, at *23-24 (N.D. Tex. 2020).
[36] *Id.*, at 22-23.
[37] *Id.*, at 24.
[38] TEX. INS. CODE § 542A.007(d).

this Court grant its Motion to Preclude Recovery of Attorney's fees and enter an order precluding Nidia Jacome Anriassi, Hector Guerra, Zaul Zamora, Maricruz Zamora, Hector Leal, Victor Bouchot, Rosalinda Bouchot, Francisca Lopez, and Rodriguez Lopez from recovery any attorney's fees as of the date of the motion's filing, and for all other relief that this Court deems appropriate.

        Respectfully submitted,

        GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

        */s/William D. Abbott*
        William D. Abbott
        "Attorney-in-Charge"
        State Bar No. 24087069
        wabbott@gallowaylawfirm.com
        Les Pickett
        State Bar No. 15980520
        lpickett@gallowaylawfirm.com
        1301 McKinney, Suite 1400
        Houston, Texas   77010
        (713) 599-0700 – Telephone
        (713) 599-0777 – Facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of January, 2023, a copy of the above and foregoing Brief in Support of Defendant's Motion to Preclude Recovery of Attorney's Fees was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

        */s/ William D. Abbott*
        Les Pickett
        William D. Abbott