Case 1:23-cv-00010   Document 12   Filed on 03/06/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 06, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ELVIRA MARTINEZ, § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Civil Action No. 1:23-cv-10 |
| § | | |
| UNITED PROPERTY AND CASUALTY § | | |
| INSURANCE COMPANY, § | | |
| Defendant § | | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Elvira Martinez's (hereinafter, "Plaintiff") "Original Petition." Dkt. No. 1-1. For the reasons provided below, it is recommended that the Court: 1) **DISMISS WITHOUT PREJUDICE** Plaintiff's claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b); and 2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.     Jurisdiction

The Court has federal diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II.     Background and Procedural History

Plaintiff initiated this action by filing her Original Petition in County Court at Law No. 4, in Cameron County, Texas on December 7, 2022. Dkt. No. 1-1. On January 3, 2023, Defendant filed a Notice of Removal. Dkt. No. 1. Defendant's Notice of Removal states that this Court has original jurisdiction under 28 U.S.C. § 1332 because the parties are

completely diverse and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *Id*. at 7. Plaintiff has not disputed this Court's jurisdiction.

On January 17, 2023, Defendant filed an "Unopposed Motion to Sever Misjoined Claims" (hereinafter, Defendant's "Motion to Sever"). Dkt. No. 4. The Court ordered the parties to appear for a status conference. Dkt. No. 7. During the conference held on January 23, 2023, the Court granted Defendant's Motion to Sever. *See* Minute Entry dated January 23, 2023. On January 24, 2023, the Court entered an order memorializing its prior ruling and severed the action into 15 separate cases. *See* Dkt. No. 11. The Court further ordered Plaintiff to file an amended complaint and pay the $402.00 filing fee[1] – in each of the severed cases – on or before February 21, 2023. *Id*. at 2-5. The Court notified Plaintiff that failure to comply with the Court's Order (Dkt. No. 11) – as to each severed case – would result in dismissal of that respective case. *Id*. at 5. To date, Plaintiff has not complied with the Court's Order, or otherwise indicated that she intends to prosecute this lawsuit.

### III.   Legal Standard

**A. Federal Rule of Civil Procedure 41(b)**

Rule 41(b) provides for dismissal for failure to prosecute and comply with a court's orders. "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party

---

[1] The Court's Order states only Plaintiff George Hinojosa was not required to pay a filing fee and was allowed to remain as the Plaintiff in Civil Action No. 1:23-cv-01. *See* Dkt. No. 11 at 2.

under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  *See Rossmann v. Pompeo*, No. 3:17-CV-2975-L-BH, 2017 WL 6559152 (N.D. Tex. Nov. 20, 2017), *adopted by*, 2017 WL 6558159 (N.D. Tex. Dec. 22, 2017) (recommending dismissal for failure to prosecute after plaintiff failed to submit application in forma pauperis in compliance with a court order); *Raker v. City of Corpus Christi Police Dept.*, No. MC-08-22, 2008 WL 3317006, at *2 (S.D. Tex. Aug. 7, 2008) (dismissing a plaintiff's action for failure to prosecute after plaintiff failed to submit an amended complaint in compliance with a court order).  "District courts may, for appropriate reasons, dismiss cases *sua sponte*.  For example, *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case." *Carver v. Atwood*, 18 F.4th 494 (5th Cir. 2021) (internal citation omitted).

A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).  "Lesser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice . . . a Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) (internal citations omitted).  Given the Court's prior warnings in this case, and Plaintiff's failure to comply with the Court's order, this civil action should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## IV.   Recommendation

For the foregoing reasons, it is recommended that the Court: 1) **DISMISS WITHOUT PREJUDICE** Plaintiff's claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b); and 2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.   Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **6th** day of **March, 2023**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge